THE STATE, ABRAHAM P. JACOBUS ET AL., PROSECUTORS, v. THOMAS MESKILL, FISH AND GAME PROTECTOR.

| 56 | 255 |
| 61 | 177 |
| 56 | 255 |
| e66 | 93 |
| 66 | 122 |

The conviction of the prosecutors for unlawfully taking or catching fish with a net, where the complaint was for a violation of section 1 of the act for the preservation of fish, approved April 13th, 1876, set aside for defects in the complaint and in the record, and because section 1 of the act of 1876 was so far amended by the act of March 8th, 1877, as to repeal the original section, on which the complaint is founded.

On *certiorari.*

Argued at November Term, 1893, before Justices DIXON and ABBETT.

For the prosecutors, *Collins & Corbin.*

For the defendant, *Willard W. Cutler.*

The opinion of the court was delivered by

ABBETT, J.   A. P. Jacobus and others were convicted August 20th, 1892, before Thomas P. O'Brien, a justice of the peace of Morris county, of unlawfully taking or catching with a net, fish in the Rockaway river, August 13th, 1892, contrary to section 1 of "An act for the preservation of fish," approved April 13th, 1876.   *Rev., p.* 456.   An appeal was taken to the Morris Common Pleas, and November 21st, 1892, judgment was again rendered against the prosecutors. The first section of said act provides " That hereafter it shall not be lawful for any person or persons, at any time whatever, either by day or night, to put, place or haul any gill, drift, fike or other net or nets, or any eel pot or pots, basket or baskets, or other contrivances whatever for the taking or catching of fish in any of the waters of the state above tidewater;   *   *   *   and any person or persons who shall take or catch any fish in manner aforesaid shall, upon conviction thereof,   *   *   *   be punished by imprisonment in the common jail of the county for the term of ten days or by a fine of twenty dollars for each and every offense;   *   *   * *provided,* that said penalty shall not apply to the legitimate taking or catching of fish with hook and line, or with hook, line and rod, nor to the catching of fish with drift or drag nets by any person or persons in waters running through *   *   *   his, her or their own lands, if none of the fish so caught are sold or exposed for sale,   *   *   *   the privilege not to be extended to any person or persons other than the owner or owners of the lands through or along which any stream may run where such fishing with nets may or shall be carried on."   *   *   *   This section was amended by the supplement of March 8th, 1877 (*Pamph. L., p.* 84), which omitted the privilege previously given to landowners, and is in other respects different from the act of April 13th, 1876.   The complaint not only misrecites the title of the act of April 13th, 1876, but utterly fails to refer to the act of 1877, under which act alone can this conviction be sustained.   It is admitted by defendant's counsel that the first and eighth

reasons are well founded, but it is objected that the prosecutors are in laches in not making these objections below.

These reasons are:

*First.* Said complaint is defective in not showing that Thomas Meskill was fish and game protector and also in not negativing the provisos of said act to show that the exceptions are inapplicable here.

*Eighth.* The section of the act on which this complaint was made was so far amended by the act of March 8th, 1877, as to repeal the original section.

The following objections were taken on the trial before the justice and all overruled:

*First,* the complaint is not endorsed as it should be; *second,* the complaint does not set forth an offense under the act of April 13th, 1876; *third,* the complaint is defective in every particular.

These, substantially, and other objections were made in the Common Pleas after the appeal was moved and before any evidence was offered. I find no laches on the part of the prosecutors in presenting the objections which are admitted to be fatal.

This is a summary proceeding, in which the party has not the right of trial by jury, although, upon conviction, he may be punished by ten days' imprisonment. The complaint should clearly bring the case within the statute and should show that the party is not within the exceptions therein stated. The record should also show the grounds of the conviction. It makes no reference to the act of March 8th, 1877, or the grounds of conviction, and if reference is made to the docket of the justice or the case brought here on appeal, these defects are apparent.

Under the authority of *Doughty* v. *Conover,* 13 *Vroom* 193, 196, 197, &c., the complaint and record are defective and the judgment of the Common Pleas should be reversed. See, also, *Hoeberg* v. *Newton,* 20 *Id.* 617.

The judgment should be reversed.